IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA           )
                                   )
          v.                       )      Criminal No. 04-109
                                   )
TERRANCE LARNELL COLE              )

**GOVERNMENT'S RESPONSE TO MOTION TO
VACATE UNDER 28 U.S.C. § 2255**

AND NOW comes the United States of America by its attorneys, Mary Beth Buchanan, United States Attorney for the Western District of Pennsylvania, and Gregory J. Nescott, Assistant United States Attorney for said district, and responds to the petitioner Terrance Cole's Motion to Vacate Sentence Under 28 U.S.C. §2255 as follows.

Cole asks the Court to vacate his sentence and grant a new trial or, in the alternative, grant an evidentiary hearing on his motion.

Because he now raises in a §2255 ineffectiveness motion virtually the same argument he unsuccessfully raised before the Court of Appeals, and because he cannot show unreasonable performance by his trial counsel, and prejudice resulting therefrom, his demand for a new trial or, alternatively, an evidentiary hearing, should be denied.

PROCEDURAL HISTORY

On September 20, 2004, a grand jury in the Western District of Pennsylvania returned a two-count superseding indictment against Cole and co-conspirators Kevin L. Gray and

Quincy L. Jones.   Count One charged Cole, Gray, and Jones with conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine from 1991 to July 2003, in violation of 21 U.S.C. §§841(a)(1), (b)(1)(A)(ii), and §846.   Count Two charged Cole with conspiracy to launder monetary instruments during the period from 1995 through November 11, 2002, in violation of 18 U.S.C. §1956(a)(1)(B)(I), and (h).   The superseding indictment also included forfeiture allegations against Cole, for U.S. currency constituting the gross proceeds of the violations set forth in Counts One and Two, 17 properties, 4 vehicles, and 7 bank accounts.

Following failed motions to suppress and Jones' entry of a plea of guilty to Count One, Cole and Gray proceeded to trial in February 2005.   After a five-week trial, the jury found Gray guilty of Count One, but as to Cole, the jury was unable to reach a verdict.

Thereafter, the Court granted the Government's unopposed motion for an anonymous jury, anonymous only in the sense that the parties did not know the name, address, or employer of the jurors. Cole's second trial ended in August 2005, after three weeks, in a guilty verdict at Counts One and Two, and the jury then returned a forfeiture verdict for $50,000,000 against him.

After the guilty verdict, Cole moved for a new trial, citing "newly discovered evidence" that the jury had been impaneled anonymously.   The Court denied that motion.

Following post-trial motions, the Court sentenced Cole to life imprisonment at Count One, with a concurrent term of 20 years of imprisonment at Count Two.

Cole timely appealed.  In his appeal, Cole raised five issues:  1) the District Court erred in denying Cole's motion for a new trial, which alleged the impaneling of an anonymous jury was discussed out of Cole's presence; 2) Cole's attorney was ineffective because he failed to allow Cole to participate in the decision to impanel an anonymous jury; 3) impanelment of an anonymous jury violated the Confrontation Clause of the Fifth Amendment and the Federal Rules of Criminal Procedure; 4) admission of wiretap evidence violated the Fourth Amendment; and 5) the evidence in support of a two-level sentencing enhancement was inadequate.

On August 31, 2007 (in an opinion later amended on February 6, 2009), the Court of Appeals denied Cole relief, affirming his conviction and sentence.  246 Fed. Appx. 112, 2007 WL 2461776 (C.A.3 (Pa.))

Cole subsequently sought certiorari before the Supreme Court, and that petition was denied.

On February 18, 2009, Cole filed the instant Motion to Vacate.  The government now responds to that Motion.

ARGUMENT

Cole now argues that his trial counsel was ineffective for failing to request an evidentiary hearing on the government's motion for an anonymous jury, and for failing to oppose that request (Motion to Vacate, p. 4-5).

The basis for Cole's argument is that "Cole's attorney consented to the government's motion for anonymous jury without Cole's knowledge and consent.  Counsel's unilateral, unauthorized action deprived Mr. Cole of effective assistance of counsel which significantly prejudiced Mr. Cole's due process rights and impacted the outcome of the case."

Cole additionally argues that "the Court of Appeals erred in concluding that Cole's (sic) should have known that the Court granted a motion for an anonymously (sic) jury" (Motion to Vacate, p. 9).

But the core issues of Cole's knowledge of and consent to the anonymous jury have already been briefed before and decided by the Court of Appeals.  Resubmitting the same argument as a §2255 petition and cloaking it in an ineffectiveness claim cannot succeed.

The Third Circuit has held that §2255 generally "may not be employed to relitigate questions which were raised and considered on direct appeal." United States v. DeRewal, 10 F.3d 100, 105 n.4 (3d Cir. 1993) (citations omitted); see Davis v.

4

<u>United States</u>, 417 U.S. 333 (1974) (When a prisoner raises a claim decided on direct appeal, he ordinarily cannot relitigate the same issue in a §2255 proceeding absent exceptional circumstances, such as an intervening change in the governing substantive law rendering petitioner's conviction and punishment unlawful.).   In <u>United States v. Palumbo</u>, 608 F.2d 529, 532-33 (3d Cir. 1979), the Third Circuit articulated circumstances that might qualify as exceptional circumstances:  (1) the movant relies on newly discovered evidence that could not reasonably have been presented at the original trial; (2) a change in applicable law that will receive retroactive effect; (3) incompetent prior representation by counsel; or (4) other circumstances indicating that an accused did not receive full and fair consideration of his federal constitutional and statutory claims.  <u>Id</u>.  Absent these circumstances, however, a §2255 court should not afford reconsideration of previously resolved claims that received full and fair consideration on direct review.

To the extent that Cole now asks this Court in a proceeding pursuant to §2255 to revisit the question of an anonymous jury, that effort is barred.  <u>See</u> <u>DeRewal</u>, 10 F.3d at 105 n.4.  The Court, therefore, should deny the petition.

To the extent that Cole claims that his trial counsel was ineffective in any manner regarding the anonymous jury, that claim meets a similar fate.  In order to succeed on an ineffective assistance claim, a petitioner must satisfy the two-prong test of

Strickland v. Washington, 466 U.S. 668, 687 (1984).  He must show
"(1) that counsel's representation fell below an objective standard
of reasonableness, and (2) that there is a reasonable probability
that, but for counsel's error, the result of the proceedings would
have been different." Carpenter v. Vaughn, 296 F.3d 138, 149 (3d
Cir. 2002) (internal citation omitted).  "A reasonable probability
is a probability sufficient to undermine confidence in the
outcome." Strickland, 466 U.S. at 694.

        In order to meet this test, and thus to show that
criminal counsel's representation was ineffective under the Sixth
Amendment, Strickland places the burdens of persuasion and
production squarely on Cole's shoulders, a burden he must meet with
a preponderance of the evidence.  Strickland, 466 U.S. at 687;
Bowen v. Blaine, 243 F.Supp.2d 296, 307 (E.D.Pa.2003) (stating that
Strickland "requires a claimant to show, by a preponderance of the
evidence, that ... 'his or her attorney's performance was, under
all the circumstances, unreasonable under prevailing professional
norms' ") (quoting United States v. Day, 969 F.2d 39, 42 (3d
Cir.1992)).  Strickland further requires a reviewing court to
"indulge a strong presumption that counsel's conduct falls within
the wide range of reasonable professional assistance." Strickland,
466 U.S. at 689, 104 S.Ct. 2052.

        Cole simply cannot meet his burden on either prong of
Strickland.  As to an error by trial counsel, the very issue he

6

identifies as giving rise to deficient performance was put before

the Third Circuit.  The Third Circuit explicitly found no error by

the District Court:

> Whether to impanel an anonymous jury was
> discussed during a chambers conference when
> Cole was not present.  However, the anonymous
> jury was selected in Cole's presence, and the
> judge's discussion of the voir dire made clear
> the jurors were to answer only by number (Tr.
> 8/15/05, p.8); Cole must have realized what
> was going on and could have objected then or
> later as he was present for the discussion of
> an anonymous jury when Juror 197 was excused
> but Juror 16 was not (Tr. 8/17/05, p. 6).
>
> The District Court's finding that Cole did
> know or could have known the jury was
> impaneled anonymously was not erroneous.  His
> claim that his eventual discovery constituted
> newly discovered evidence is unfounded.  The
> District Court's denial of the motion for a
> new trial for newly discovered evidence was
> not in error.

Cole, at 5.

Even though the right to raise an ineffectiveness

argument under §2255 clearly survived the decision of the Court of

Appeals, Cole still must prove by a preponderance of the evidence

here that his attorney's performance was under all circumstances

unreasonable under prevailing professional norms.  Weighing his

arguments now against the findings of the Court of Appeals and the

record demonstrates an inability to overcome the "strong

presumption" of reasonable professional assistance.  With complete

review of the record then, trial counsel did not err.

Consequently, Cole fails to meet his burden under Strickland's

first prong.

Even if Cole could satisfy the first <u>Strickland</u> prong, he has not proffered, nor can he establish prejudice, in order to meet the second prong.  He simply cannot demonstrate that the outcome was prejudiced as a result of any ineffectiveness of counsel.

"Prejudice consists of a 'reasonable probability' that the outcome would have been significantly different had counsel's performance been adequate." <u>Strickland</u>, at 694.  Cole has offered nothing to suggest he can ever establish such prejudice.

In this case, based on the record, all that was withheld from the defense and prosecution was: 1) the jurors' names, 2) their addresses, and 3) the names of their employers.  It would be difficult, if not impossible, for Cole to show how the failure to object to this anonymous jury resulted in prejudice against him, when:

- Cole was present for, and participated fully in the voir dire of the jury.

- The evidence presented in a three-week trial against Cole was overwhelming.  Among the nearly two dozen witnesses testifying for the government were Cole's primary drug supplier, his two lieutenants, and many other witnesses, who together established Cole's role as "the Boss" of a criminal organization that distributed between $40,000,000 and $60,000,000 worth of cocaine over a period of a little more than a decade.

- The jury deliberated about three hours before returning a verdict of guilty on both counts, and then deliberated only minutes before returning a forfeiture verdict in the amount of $50,000,000.

8

As an alternative to the vacating of his sentence and the granting of a new trial, Cole argues that he is entitled to an evidentiary hearing.

There is no automatic right in a habeas proceeding to an evidentiary hearing.  However, after receiving an answer and additional information that may be requested, the court may exercise its discretion to conduct a hearing, in order to resolve material factual issues.  Fed. R. Gov. 2255 P. 8(a) ("[T]he judge must review the answer, any transcripts and records of prior proceedings, and any materials submitted under Rule 7 to determine whether an evidentiary hearing is warranted"); United States v. Lilly, 536 F.3d 190, 195 (3d Cir. 2008) (District court did not abuse its discretion in refusing to conduct evidentiary hearing); United States v. Booth, 432 F.3d 542, 546 (3d Cir. 2005) (quoting United States v. McCoy, 410 F.3d 124, 131, 134 (3d Cir. 2005) ("If [the] petition allege[s] any facts warranting relief under § 2255 that are not clearly resolved by the record, the District Court [is] obligated to follow the statutory mandate to hold an evidentiary hearing")); United States v. Essig, 10 F.3d 968 (3d Cir. 1993) (holding that if petition attacking sentence raises issue of material fact, the district court must hold hearing to determine truth of allegations).  However, the motion may be decided without a hearing if there is "no legally cognizable claim, or the factual matters raised by the motion may be susceptible of

resolution through the district judge's review of the motion and records in the case." <u>United States v. Costanzo,</u> 625 F.2d 465, 470 (3d Cir. 1980).

Because Cole has failed to satisfy either prong of <u>Strickland</u>, and because under the circumstances of this case he has no right to an evidentiary hearing, his Motion to Vacate should be denied.[1]

Respectfully submitted

MARY BETH BUCHANAN
United States Attorney

s/ <u>Gregory J. Nescott</u>
GREGORY J. NESCOTT
Assistant U.S. Attorney
PA 27331
U.S. Attorney's Office
U.S. Post Office & Courthouse
700 Grant Street, Suite 400
Pittsburgh, PA 15219
Office: 412-894-7403
Fax: 412-644-2645
gregory.nescott@usdoj.gov

---

[1] Cole also avers that trial counsel was ineffective in failing to "repeatedly request" instructions to the jury "that keeping their identity confidential has no bearing on the evidence or arguments in the case and that the presumption of innocence still applies" (Motion to Vacate, p. 4). Should an evidentiary hearing be required on this point, testimony will show that the trial court broached this issue with counsel at the outset, and concluded that repeated warnings of anonymity could be prejudicial to Cole, since the jury would be admonished again and again that their status as anonymous jurors was different  in this case.