IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br>    Respondent<br><br>    v.<br><br>**TERRANCE LARNELL COLE**<br>    Petitioner | )<br>)<br>)<br>)     **Civil Action No. 09-198**<br>)     **Criminal No. 04-109**<br>)     Electronically Filed<br>) |

**MEMORANDUM OPINION REGARDING
DEFENDANT'S MOTION FOR HABEAS CORPUS RELIEF
UNDER 28 U.S.C. § 2255 (DOC. NO. 288)**

**I.    Introduction**

Before the Court is petitioner Terrance L. Cole's Motion to Vacate Sentence under 28 U.S.C. § 2255 (Docket No. 288) and request for an evidentiary hearing.  After careful consideration of petitioner's motion and traverse brief, the government's response, and the entire record of the case, including transcripts of the trial and the decision of petitioner's direct appeal by the United States Court of Appeals for the Third Circuit, the Court will deny petitioner's motion for relief pursuant to 28 U.S.C. § 2255.

**II.   Background**

On September 20, 2004, a federal grand jury sitting in the Western District of Pennsylvania returned a superseding indictment charging Terrance L. Cole, Kevin L. Gray, and Quincy L. Jones with conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine in violation of 21 U.S.C. §§ 841 and 848 (count one), and conspiracy to launder monetary instruments in violation of 18 U.S.C. § 1956 (count two).  The superseding indictment also included forfeiture allegations against petitioner.

1

After failed motions to suppress evidence, Jones pled guilty, however petitioner and Gray proceeded to trial in February of 2005. After a five week trial Gray was found guilty of count one, however, the jury was unable to reach a verdict as to petitioner.

For the second trial, petitioner hired attorney Alan R. Baum as trial counsel. Before the start of the second trial, the government moved to have the jury impaneled anonymously such that the juror's names, addresses and employers would not be made public to either party. Petitioner's counsel did not oppose the motion and the motion was granted by the District Judge Thomas M. Hardiman.[1] After a three week trial in August of 2005, the jury returned a guilty verdict against petitioner on both counts and returned a forfeiture verdict of $50,000,000 against him.

After the guilty verdict, petitioner moved for a new trial based on newly discovered evidence where he claimed that he was unaware that the jury was impaneled anonymously and that he only discovered this fact after the conclusion of the trial. Judge Hardiman denied the motion and sentenced petitioner to life imprisonment on count one and 20 years on count two.

In petitioner's direct appeal, the Court of Appeals for the Third Circuit addressed petitioner's contentions that 1) the District Court erred in denying his motion for a new trial; 2) that petitioner's attorney was ineffective because he did not allow petitioner to participate in the decision to impanel an anonymous jury; 3) that the impaneling of an anonymous jury violated the Confrontation Clause and the Federal Rules of Civil Procedure; and 4) that the admission of certain evidence violated the Fourth Amendment. (Docket No. 281-2 at 2).

---

[1] Judge Thomas M. Hardiman has since been elevated to the United States Court of Appeals for the Third Circuit.

Petitioner claimed that the District Court abused its discretion in denying a new trial based on newly discovered evidence. The alleged newly discovered evidence was that petitioner claimed to have been unaware of the fact that the jury was impaneled anonymously until after the conclusion of the trial. (Docket No. 281-2 at 4). The District Court denied the motion for the new trial on the basis that the evidence was not newly discovered. "The District Court found [petitioner], 'knew full well during the *voir dire* process in open court that the juror's names, addresses, and places of business were not being disclosed, and there was never any objection lodged during the *voir dire* process during trial.' App. 365" United States Court of Appeals' Opinion, (Docket No. 281-2 at 4). The Court of Appeals stated:

> Whether to impanel an anonymous jury was discussed during a chambers conference when [petitioner] was not present. However, the anonymous jury was selected in [petitioner's] presence, and the judge's discussion of the voir dire made clear the jurors were to answer only by number (Tr. 8/15/05, p. 8); [petitioner] must have realized what was going on and could have objected then or later as he was present for the discussion of an anonymous jury when Juror 197 was excused but Juror 16 was not (Tr. 8/17/05, p. 6).

(Docket No. 281-2 at 4) as amended.[2]

The Court of Appeals affirmed the denial of a new trial holding that the District Court's finding that petitioner did know or could have known the jury was impaneled anonymously was not erroneous and the claim that his discovery constituted newly discovered evidence was unfounded. (Docket No. 281-2 at 4-5).

As to the ineffective assistance of counsel claim, the petitioner claimed that his attorney was ineffective in conceding to the government's motion for an anonymous jury. (Docket No. 281-2 at

---

[2]*See* Court of Appeals Order Amending Opinion dated February 6, 2009. *United States of America v. Cole*, 06-1904, (3d Cir. February 6, 2009).

5-6). The Court of Appeals stated that it was not clear from the record that impaneling an anonymous jury was detrimental to petitioner or that his counsel's reasoning was ineffective; however, the Court of Appeals stated that what petitioner's counsel said or bargained for during the pretrial conference might be determinative. (Docket No. 281-2 at 6). As a result, the Court of Appeals denied petitioner's claim without prejudice. (*Id.*)

In regards to impaneling the anonymous jury, petitioner claimed 1) that the district court abused its discretion granting the motion to impanel the anonymous jury; 2) that the decision to impanel the anonymous jury at a pretrial conference violated his right to be present at all critical stages of trial under the Fifth Amendment and Federal Rule of Criminal Procedure 43; and 3) the pretrial conference that he was not present at violated his right to confront all witnesses against him under the Sixth Amendment. (Docket No. 281-2 at 6).

The Court of Appeals held that the decision to impanel the anonymous jury was not an abuse of discretion since it was based on allegations that jurors from the first trial were biased by fear of retaliation and bribery. (Docket No. 281-2 at 7).

As to the claim concerning the petitioner's not being present at the pretrial conference, the Court of Appeals held that no due process violation was demonstrated because petitioner's lack of presence did not frustrate the fundamental fairness of the jury impanelment. (Docket No. 281-2 at 8). Since petitioner had notice of the anonymous jury during the impaneling and did not object to the impanelment, his presence was not required at the pretrial conference. (*Id.*) As a result, the Court of Appeals held there was no violation of petitioner's constitutional rights or of Federal Rule of Criminal Procedure 43. (*Id.*)

Finally, the Court of Appeals held there was no Confrontation Clause violations from the use of allegations by jurors from the first trial to support the government's motion for an anonymous jury because the allegations were not offered as evidence against petitioner at trial. (Docket No. 281-2 at 9). The Court of Appeals went on to affirm the District Court's denial of petitioner's motion to suppress evidence and affirmed the judgment and commitment order of the District Court. (Docket No. 281-2 at 9-14).

On October 16, 2007, the Court of Appeals denied petitioner's motion for a rehearing *en banc*. The United States Supreme Court denied petitioner's petition for certiorari on February 25, 2008. On February 6, 2009, the Court of Appeals denied petitioner's motion to recall the mandate.

### III. Standard of Review

Section 2255 of Title 28 of the United States Code provides that:

> A prisoner in custody under sentence of a court established by Act of Congress . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence. Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto. If the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate.

28 U.S.C. § 2255.

When a defendant brings a motion to vacate sentence pursuant to section 2255, the district court has discretion to conduct an evidentiary hearing. *United States v. Lilly*, 536 F.3d 190, 195 (3d

Cir. 2008) (citing *United States v. Booth*, 432 F.3d 542, 545 (3d Cir. 2005)). Exercise of that discretion is constrained, however, and the district court must hold an evidentiary hearing "'unless the motion and files and records of the case show conclusively that the movant is not entitled to relief.'" *Id.* (quoting *Gov't of Virgin Islands v. Forte*, 865 F.2d 59, 62 (3d Cir. 1989)). This is not a high bar for a movant to meet, especially since the court, in considering a section 2255 claim, "'must accept the truth of the movant's factual allegations unless they are clearly frivolous on the basis of the existing record.'" *Id.* (quoting *Forte*, 865 F.2d at 62); see also Rules Governing § 2255 Proceedings, Rules 4 and 8. Thus, a § 2255 motion "'can be dismissed without a hearing [only] if (1) the [movant's] allegations, accepted as true, would not entitle the [movant] to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" *United States v. McCoy*, 410 F.3d 124, 134 (3d Cir. 2005) (quoting *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995)).

The standard for deciding an ineffective assistance of counsel claim is set forth by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). In order to succeed on such a claim, a defendant must show (1) that his or her counsel's performance was deficient and (2) that he or she was prejudiced by it. *Lilly*, 536 F.3d at 195 (citing *Strickland*, 466 U.S. at 687). The Court of Appeals for the Third Circuit has "endorsed the practical suggestion in *Strickland* to consider the prejudice prong before examining the performance of counsel prong 'because this course of action is less burdensome to defense counsel.'" *Booth*, 432 F.3d at 546 (quoting *McCoy*, 410 F.3d at 132 n.6).

Under the prejudice prong of the *Strickland* test, the movant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding

would have been different." *Strickland*, 466 U.S. at 694. "A reasonable probability is 'a probability sufficient to undermine confidence in the outcome.'" *Hankerson*, 496 F.3d at 310 (quoting *Strickland*, 466 U.S. at 694). Accordingly, the movant will not be entitled to relief "unless [he or she] affirmatively establishes the likelihood of an unreliable verdict." *McAleese v. Mazurkiewicz*, 1 F.3d 159, 166 (3d Cir. 1993).

Under the performance prong of the *Strickland* test, "an attorney renders ineffective assistance when his performance 'f[alls] below an objective standard of reasonableness,' given the particular circumstances of the case at hand." *Hodge v. United States*, 554 F.3d 372, 379 (3d Cir. 2009) (quoting *Strickland*, 466 U.S. at 688). In reviewing counsel's performance, the court must be "highly deferential," which entails "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689 (quoted in *United States v. Hankerson*, 496 F.3d 303, 310 (3d Cir. 2007)). In other words, "the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* (quoted in *Hankerson*, 496 F.3d at 310). To rebut this presumption, the movant "must show either that: (1) the suggested strategy (even if sound) was not in fact motivating counsel, or (2) that the actions could never be considered part of a sound strategy." *Thomas v. Varner*, 428 F.3d 491, 499 (3d Cir. 2005). However, the reviewing court may not, "with the benefit of hindsight, [] engage in speculation about how the case might best have been tried." *Hess v. Mazurkiewicz*, 135 F.3d 905, 908 (3d Cir. 1998).

**IV.     Legal Analysis and Discussion**

In his motion to vacate, petitioner claims that he was denied effective assistance of counsel and that he was denied his constitutional right to be present at all critical stages of his trial. Each claim will be addressed in turn.

**1. Ineffective Assistance of Counsel**

Petitioner alleges that trial counsel was ineffective because 1) he failed to oppose the government's motion for an anonymous jury and request an evidentiary hearing on said motion; and 2) that he failed to repeatedly request jury instructions regarding the anonymous jury to inform them that the presumption of innocence still applied.

Petitioner claims that trial counsel consented to the government's motion without petitioner's knowledge or consent and that trial counsels' consent to the anonymous jury had no reasonable basis. The underlying basis of petitioner's allegation, however, that he did not have knowledge of the anonymous jury, is an issue that has already been decided by the Court of Appeals for the Third Circuit in petitioner's direct appeal.

In the direct appeal, the Court of Appeals affirmed the finding of fact of the District Court that petitioner knew or could have known that the jury was impaneled anonymously. (Document No. 281-2 at 4). It has been held by the Court of Appeals for the Third Circuit that a section 2255 motion generally "may not be employed to relitigate questions which were raised and considered on direct appeal." *United States v. DeRewal*, 10 F.3d 100, 105 n.4 (3d Cir. 1993)(quoting *Barton v. United States*, 791 F.2d 265, 267 (2d Cir.1986)).  The limited exception to this general rule is where there exists "newly discovered evidence that could not reasonably have been presented at the original trial, a change in applicable law, incompetent prior representation by counsel, or other circumstances

indicating that an accused did not receive full and fair consideration of his federal constitutional and statutory claims." *United States v. Palumbo*, 608 F.3d 529, 533 (3d Cir. 1979). Petitioner has not argued for, nor has he met any of these limited exceptions, therefore, the finding of fact that petitioner knew or could have known that the jury was impaneled anonymously is not reviewable by this Court in a section 2255 motion and may not be challenging anew.

Petitioner also argues in his motion as to the merits of whether the anonymous jury should have been impaneled as a part of his claim that trial counsel was ineffective in not opposing the motion. The Court of Appeals, however, has also already decided in the direct appeal that there was no abuse of discretion by the District Court in ordering the anonymous jury based on the allegations proffered by the government. Even if challenging those allegations might have convinced Judge Hardiman not to grant the government's motion for an anonymous jury, it does not in any way show how petitioner was prejudiced by having an anonymous jury. The mere fact that an anonymous jury was used, does not in itself raise any inference that was any prejudicial effect.

The Court is cognizant of the fact that the use of anonymous juries is not the norm and that potential issues regarding the effect on *voir dire* and the defendant's presumption of innocence can be implicated. *See United States v. Scarfo*, 850 F.2d 1015, 1021 (3d Cir. 1988). However, petitioner has not alleged a claim where there could be a reasonable probability that the use of an anonymous jury affected the outcome of the trial. No issue has been raised as to the efficacy of the *voir dire*. Indeed, the *voir dire* was conducted over two days and the record shows that a questionnaire form was used as well as individual questioning. (Docket No. 252 & 253). Additionally, the Court notes that two venire persons were individually questioned about their ability to follow instructions

9

concerning the presumption of innocence, and one of which was excused for cause. (Docket No. 252 at 16, 23-26). To that end, the Court's review of the record indicates that the *voir dire* was extensive.

Petitioner does raise the issue that no specialized jury instruction was given addressing the jury's anonymous status. The Court of Appeals in *Scarfo* does address the use of instructions to an anonymous jury that their anonymous status is not to be taken into consideration or affect the defendant's presumption of innocence. *Scarfo*, 850 F.2d at 1025-26. It has not been held, however, that the use of an anonymous jury automatically requires any special instructions. *Id*. The Court of Appeals stated that having an anonymous jury "is not intrinsically suggestive of any inference of guilt," and that "[p]redicting juror responses to the anonymity practice is pure speculation." *Id*. at 1026.

For the purposes of this motion it can be assumed here that the entire jury was aware of their anonymous status from the fact that Juror No. 16 noticed that their names were not being used. *See* (Docket No. 247 at 6). This awareness of the anonymous status, however, did not cause Juror No. 16 to feel that he or she was unable to be fair and impartial. (*Id*.) Furthermore, the jury as a whole was repeatedly instructed on the presumption of innocence and the government's burden of proof. (Docket No. 259 at 21, Docket No. 251 at 4-5.) As a result, it cannot be said that the jury's anonymous status had any likely effect on petitioner's presumption of innocence during the trial or affected the outcome of the trial.

Finally, petitioner argues that where the first trial ended in a hung jury and the second ended with a guilty verdict, prejudiced can be inferred to have been caused by the use of the anonymous jury. This, however, is a bare conclusion which would require speculation that the guilty verdict was the result of having the anonymous jury. As a result, the petitioner has failed to show any prejudice

associated with having the anonymous jury, thereby failing to meet the prejudice prong of the *Strickland* test. There is no need for the Court to address the performance prong as to Petitioner's trial counsel. The petitioner's motion as to this claim is denied.

### 2. Presence at Pretrial Conference

Petitioner's second issue is that he was denied his constitutional right to be present at the pretrial conference. Petitioner argues that although conferences are not normally considered critical stages that require a defendant's presence, the pretrial conference content was part of the jury impanelment at which the defendant was required to be present. The petitioner claims that the Court of Appeals erred in concluding that he knew or could have known that the jury was being impaneled anonymously.

Petitioner's argument fails, however, as this issue was decided on all fours by the Court of Appeals in the direct appeal. (Docket No. 281-2 at 7). The rehashing of this issue that was decided by the Court of Appeals cannot be reviewed now in a section 2255 motion. *DeRewal*, 10 F.3d at 105 n.4. As a result, there is no merit to Petitioner's claim and the motion will be denied.

### V.    Conclusion

For the foregoing reasons, the Court will deny petitioner's motion for relief under 28 U.S.C. § 2255. The corresponding motions for an evidentiary hearing and discovery shall be denied as moot. An appropriate order will be entered.

*s/ Arthur J. Schwab*
Arthur J. Schwab
United States District Judge

Dated:       February 22, 2010
cc/ecf:       All counsel of record.

11