UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Respondent,<br><br>vs.<br><br>TERRANCE LARNELL COLE,<br><br>      Pro Se Petitioner. | Case No. 04-00109-001<br><br>REQUEST<br><br>Appointment of Counsel<br><br>Supplemental PSR<br>and<br>Government's Objections |

## NOTICE OF ELIGIBILITY

OF

## AMENDMENT §782

# MOTION TO REDUCE SENTENCE PURSUANT TO 18 U.S.C. §3582(c)(2)(2014) DRUGS MINUS 2 (AMENDMENT 782) APPLIED RETROACTIVELY

Petitioner comes before this court seeking the reduction of his prison sentence pursuant to 18 U.S.C. §3582(c)(2)(2014). He asks that this Court give retroactive effect to Amendment 782 under U.S.S.G. §1B1.10 and reduce his sentence from <u>Life</u> to ____ months (as the Court deems fit). The Sentencing Commission has expressly designated Amendment 782 as one that may be applied retroactively. U.S.S.G. §1B1.10(c) p.s. (2014).

The District Court makes two determinations in deciding to modify a sentence under 18 U.S.C. §3582(c)(2). Under the 1st step; the sentencing court considers what sentence it would have imposed had the retroactive amendment been in effect at the time the defendant was sentenced. U.S.S.G. §1B1.10(b), ps 2014.

## JUDICIAL NOTICE TO BE TAKEN

The jury verdict reflects the defendant's guilt in a drug offense involving five (5) kilograms or more of cocaine, under 21 U.S.C. §841(b)(1)(A). The jury verdict only supports a base offense level of 32 based on a finding of guilt for an offense involving five (5) kilograms of cocaine, under §2D1.1(c)(4). Plus a verdict of guilty under §1956 a two (2) points enhancement a base total level of <u>34</u> - <u>I</u>. Now Amendment 782 change in drug quantity determines a level <u>32</u> - <u>I</u> a sentence of less than life. (Plus the Court's appointed enhancement if still applicable?)

The Judge found facts in this case determined a base offense

level of __43__ and criminal history level of __1__ (No past criminal history). Now even without regards to the statements under Judicial Notice the base offense level would be __41__ and the criminal history points of __0__ would not change. The sentencing range would be 324 - 405 under the guideline range.

Under the second step: The District Court having established the factors contained in 18 U.S.C. §3553(a) and its thus informed discretion decide whether to modify the original sentence imposed. see 18 U.S.C. §3582(c)(2)(2014). Put more succinctly, the statute requires the sentence imposed to be minimally sufficient to satisfy concerns of retribution, general deterrence, specific deterrence, and rehabilitation.

In conclusion, The Court grants: appointment of the Federal Defender Program; a supplemental PSR by the P.O.'s Office; and allows any and all objections from the Government, [or] alternately in the use of comity the Court re-sentence to ____ (as the Court deems fit).

Respectfully submitted
Dated: 1/5/2015

x _Terrance L. Cole_
Reg. No. 04483-748
U.S.P. Atlanta
P.O. Box 150160
Atlanta, GA 30315

CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy was furnished via 1st Class Postage Paid Mail on the following:

U.S. Attorney's Office
700 Grant St., Suite 400
Pittsburgh, PA 15219

Done this **5** day of ~~December~~ Jan 201~~4~~5.

Respectfully submitted

x *Terrance L. Cole*
Reg. No. 04483-748
U.S.P. Atlanta
P.O. Box 150160
Atlanta, GA 30315